|   |   |
|---|---|
| NISMEL M. FUNES SUAZO<br><br>Petitioner,<br><br>v.<br><br>KEVIN K. MCALEENAN, Acting Secretary of U.S. DHS and Commissioner of U.S. DHS, et al.<br><br>Respondents. | Case No.: 19cv1882-LAB (MSB)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**ORDER REQUIRING PETITIONER TO SUPPLEMENT OR AMEND** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On September 30, Petitioner Nismel Michell Funes Suazo[1] ("Funes") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, and along with it a motion for a temporary restraining order ("TRO").

Respondents apparently have no notice of the TRO motion, and the motion does not explain why a TRO should be granted before they can respond. For this reason alone, the motion is subject to denial. *See* Fed. R. Civ. P. 65(b)(1). The

---

[1] The Petition notes that in some Department of Homeland Security documents, Funes' second surname is misspelled as "Sauzo." The Petition refers to her as Ms. Funes.

1

motion says Funes believes her removal is imminent, though it does not say how soon it might be. Under 28 U.S.C. 2243, unless it appears a petitioner is entitled to no relief, the Court must either grant the writ or issue to Respondents an order to show cause. But this provision does not apply to motions for preliminary injunctive relief, such as TROs. Only in a narrow range of cases may a court issue a TRO before the opposing party has an opportunity to be heard. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974).

The TRO motion does not address the standard for issuance of a TRO, and the relevant factors appear to be incompletely addressed. *See Alliance for Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008)) (discussing standards for preliminary injunctive relief). Under either of the two tests used by the Ninth Circuit, merits are a key factor, and neither the petition nor the TRO motion adequately address them.

Under 8 U.S.C. § 1252(e)(e), judicial review of determinations under 8 U.S.C. § 1225(b)(1) (including "credible fear" determinations in asylum applications) is limited to three issues, none of which apply here. Funes cites *Thuraissigiam v. U.S. Dept. of Homeland Security*, 917 F.3d 1097 (9th Cir. 2019) as holding that the Court has jurisdiction to review "credible fear" determinations made by an immigration judge. This is not quite correct, although the opinion does hold that the limitations on judicial review under § 1252(e) may violate the Constitution's Suspension Clause if they deprive a petitioner of a meaningful opportunity to demonstrate that she is being held in violation of applicable federal law. *Thuraissigiam* at 1100, 1119 ("[W]e hold that § 1252(e)(2) violates the Suspension Clause as applied to Thuraissigiam, although we do not profess to decide in this opinion what right or rights Thuraissigiam may vindicate via use of the writ.")

In that case, the petitioner claimed that DHS deprived him of both a meaningful right to apply for asylum and other relief, and violated his rights under

the Due Process Clause of the Fifth Amendment. The opinion makes clear that district courts have jurisdiction at least to consider claims that they were deprived of a meaningful opportunity to present their claims and have them adjudicated. But it does not appear to provide for judicial review of an immigration judge's discretionary determinations. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Funes claims that her Due Process rights were violated in several ways. First, she says that on March 22 she was interviewed in Spanish with the aid of an interpreter by an asylum officer. She believed the officer was antagonistic and did not evaluate her statements objectively. She attributes this to a breakdown in communications and the officer's frustration with the computer he was using. At the close of the hearing, she said she was told to sign the papers, which were in English, and that she did <u>not</u> check the box indicating she did not want an immigration judge to review the asylum officer's decision. On the form she attaches, the box declining immigration judge review is checked. She does not say whether she checked the box requesting review by an immigration judge, or whether she left both boxes blank. While she says she wanted immigration judge review, she does not say whether she requested it by checking the box.

Funes claims that review by an immigration judge should have taken place within seven days, but that instead it was improperly delayed by five months, until September 9. She argues that review by the immigration judge within seven days is mandatory under 8 U.S.C. § 1225(b)(1)(B)(iii)(III), though in fact it is only mandatory if the person seeking asylum requests it. Because Funes does not say whether she requested it, and because the form she attaches does not suggest that she requested it, there is no basis for determining that this provision was violated. But even if it was violated, Funes does not show how a late review of the "credible fear" determination prevented her from obtaining meaningful review of her claims.

Funes also claims the immigration judge violated her Due Process rights by declining to consider explanations and evidence clarifying statements that the asylum officer had found inconsistent. Neither the petition nor the motion adequately explain why this amounted to a Due Process violation. The petition gives only a brief explanation (Pet., ¶ 15), and the motion does not add anything. Not every failure to receive or consider evidence amounts to a Due Process violation. *See, e.g., Ghafar v. Holder*, 321 Fed. Appx. 711, 712–13 (9th Cir. 2009) (citing *Ladha v. INS*, 215 F.3d 889, 904 (9th Cir. 2000)).

Funes is also seeking relief separately, and says she has retained separate counsel to seek a re-interview with the asylum officer. (Pet., ¶ 17.) She must keep the Court apprised of the status of those efforts. In the event of any development (including those resulting from those efforts and those resulting from her detention status) that might affect the need for or availability of relief, or the Court's jurisdiction, she must promptly file a notice informing the Court of the development and its significance.

The motion for a TRO is **DENIED WITHOUT PREJUDICE**. As it stands now, the petition would be subject to denial. Within **21 calendar days of the date this order is issued**, Funes may file either a supplemental brief adequately explaining her claims, or an amended petition. After doing so, she may renew her motion for a TRO or preliminary injunction, which should comply with Fed. R. Civ. P. 65 as well as this Chambers' standing order, ¶ 4.

**IT IS SO ORDERED**.

Dated: October 1, 2019

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge